## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MOBILEMEDIA IDEAS LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 3:11-cv-02353-N** |
| **RESEARCH IN MOTION LIMITED and** | § | |
| **RESEARCH IN MOTION** | § | **JURY TRIAL DEMANDED** |
| **CORPORATION** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff MobileMedia Ideas LLC ("MMI"), by and through its undersigned

attorneys, demands a trial by jury on all issues and hereby alleges as follows for its Amended

Complaint against Defendants Research in Motion Limited ("RIM Ltd.") and Research in

Motion Corporation ("RIM Corp.") (collectively, "Defendants"):

## PARTIES

1.      Plaintiff MMI is a limited liability company organized and existing under

the laws of the State of Delaware and has its principal place of business in Chevy Chase,

Maryland.  MMI owns the patents at issue in this litigation.

2.      Defendant RIM Ltd. is a corporation organized and existing under the

laws of the province of Ontario, Canada, with its principal place of business in Ontario, Canada.

RIM Ltd. is engaged in the design, manufacture, marketing and sale of, among other things,

smartphones including the Pearl 8100 series, the Pearl Flip 8200 series, the 8800 series, the

Curve 8900 model, the Curve 8300 series, the Curve 8500 series, the Bold 9000 model, the

Storm 9530 model, the Storm II 9550 model, the Tour 9630 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model.  RIM Ltd. sells its smartphone products in this district and throughout the United States.

3.     Defendant RIM Corp. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Irving, Texas.  On information and belief, RIM Corp. is a wholly owned subsidiary of RIM Ltd. and serves as a representative of RIM Ltd. for purposes of conducting business in the United States, including but not limited to offering to sell, selling and marketing in the United States smartphones including the Pearl 8100 series, the Pearl Flip 8200 series, the 8800 series, the Curve 8900 model, the Curve 8300 series, the Curve 8500 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Tour 9630 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model.  RIM Corp. sells smartphone products in this district and throughout the United States.

**JURISDICTION AND VENUE**

4.     This action arises under the patent laws of the United States.  MMI asserts claims for patent infringement under 35 U.S.C. §§ 271 and 281.

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     RIM Ltd. and RIM Corp. transact business in this district and are subject to personal jurisdiction and venue in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. §§ 1391(c) and (d).

**SUMMARY OF CLAIMS**

7.      This is a patent infringement action brought by MMI against Defendants

for Defendants' infringement of MMI's patents.

8.      MMI owns all of the patents-in-suit and offers non-exclusive licenses

under the MMI patents.

9.      Defendants are infringing the patents-in-suit by, among other things,

making, importing, using, offering to sell and/or selling in the United States and in this judicial

district Defendants' smartphone products, which employ MMI patented technology.

10.      In making, importing, using, offering to sell and/or selling the infringing

products, providing customers with instructions about the use of such products and continuing

such acts, Defendants knew or should have known the products would be used in an infringing

manner.  Defendants intended to encourage this infringement and continue to do so.

**FACTS**

**<u>Patents-In-Suit</u>**

11.      United States Patent No. 5,479,476 (the "'476 Patent") was duly and

legally issued on December 26, 1995 and was assigned to MMI on January 11, 2010 for an

invention entitled "Mobile telephone having groups of user adjustable operating characteristics

for facilitating adjustment of several operating characteristics."  Plaintiff MMI owns and holds

the rights to the '476 Patent, a copy of which is attached hereto as Exhibit A.

12.      United States Patent No. 5,845,219 (the "'219 Patent") was duly and

legally issued on December 1, 1998 and was assigned to MMI on January 11, 2010 for an

invention entitled "Mobile station having priority call altering function during silent service

mode."  Plaintiff MMI owns and holds the rights to the '219 Patent, a copy of which is attached

hereto as Exhibit B.

13.     United States Patent No. 6,055,439 (the "'439 Patent") was duly and legally issued on April 25, 2000 and was assigned to MMI on January 11, 2010 for an invention entitled "Mobile telephone user interface." Plaintiff MMI owns and holds the rights to the '439 Patent, a copy of which is attached hereto as Exhibit C.

14.     United States Patent No. 6,253,075 (the "'075 Patent") was duly and legally issued on June 26, 2001 and was assigned to MMI on January 11, 2010 for an invention entitled "Method and apparatus for incoming call rejection." Plaintiff MMI owns and holds the rights to the '075 Patent, a copy of which is attached hereto as Exhibit D.

15.     United States Patent No. 6,427,078 (the "'078 Patent") was duly and legally issued on July 30, 2002 and was assigned to MMI on January 11, 2010 for an invention entitled "Device for personal communications, data collection and data processing, and a circuit card." Plaintiff MMI owns and holds the rights to the '078 Patent, a copy of which is attached hereto as Exhibit E.

16.     United States Patent No. Re. 39231 (the "'231 Patent") was duly and legally issued on August 8, 2006 and was assigned to MMI on January 11, 2010 for an invention entitled "Communication terminal equipment and call incoming control method." Plaintiff MMI owns and holds the rights to the '231 Patent, a copy of which is attached hereto as Exhibit F.

17.     United States Patent No. 5,732,390 (the "'390 Patent") was duly and legally issued on March 24, 1998 and was assigned to MMI on January 11, 2010 for an invention entitled "Speech signal transmitting and receiving apparatus with noise sensitive volume control." Plaintiff MMI owns and holds the rights to the '390 Patent, a copy of which is attached hereto as Exhibit G.

18.     United States Patent No. 5,737,394 (the "'394 Patent") was duly and legally issued on April 7, 1998 and was assigned to MMI on January 11, 2010 for an invention entitled "Portable telephone apparatus having a plurality of selectable functions activated by the use of dedicated and/or soft keys."  Plaintiff MMI owns and holds the rights to the '394 Patent, a copy of which is attached hereto as Exhibit H.

19.     United States Patent No. 6,070,068 (the "'068 Patent") was duly and legally issued on May 30, 2000 and was assigned to MMI on January 11, 2010 for an invention entitled "Communication terminal device and method for controlling a connecting state of a call into a desired connection state upon a predetermined operation by a user."  Plaintiff MMI owns and holds the rights to the '068 Patent, a copy of which is attached hereto as Exhibit I.

20.     United States Patent No. 6,389,301 (the "'301 Patent") was duly and legally issued on May 14, 2002 and was assigned to MMI on January 11, 2010 for an invention entitled "Portable radio information terminal apparatus, display screen operating method, recording medium, and microcomputer apparatus."  Plaintiff MMI owns and holds the rights to the '301 Patent, a copy of which is attached hereto as Exhibit J.

21.     United States Patent No. 6,446,080 (the "'080 Patent") was duly and legally issued on September 3, 2002 and was assigned to MMI on January 11, 2010 for an invention entitled "Method for creating, modifying, and playing a custom playlist, saved as a virtual CD, to be played by a digital audio/visual actuator device."  Plaintiff MMI owns and holds the rights to the '080 Patent, a copy of which is attached hereto as Exhibit K.

22.     United States Patent No. 7,349,012 (the "'012 Patent") was duly and legally issued on March 25, 2008 and was assigned to MMI on January 11, 2010 for an invention entitled "Imaging apparatus with higher and lower resolution converters and a compression unit

to compress decreased resolution image data."  Plaintiff MMI owns and holds the rights to the '012 Patent, a copy of which is attached hereto as Exhibit L.

23.     United States Patent No. 5,490,170 (the "'170 Patent") was duly and legally issued on February 6, 1996 and was assigned to MMI on January 11, 2010 for an invention entitled "Coding apparatus for digital signal."  Plaintiff MMI owns and holds the rights to the '170 Patent, a copy of which is attached hereto as Exhibit M.

24.     United States Patent No. 6,049,796 (the "'796 Patent") was duly and legally issued on April 11, 2000 and was assigned to MMI on January 11, 2010 for an invention entitled "Personal digital assistant with real time search capability."  Plaintiff MMI owns and holds the rights to the '796 Patent, a copy of which is attached hereto as Exhibit N.

25.     United States Patent No. 6,871,048 (the "'048 Patent") was duly and legally issued on March 22, 2005 and was assigned to MMI on January 11, 2010 for an invention entitled "Mobil[e] communication apparatus and information providing system using the mobile communication apparatus."  Plaintiff MMI owns and holds the rights to the '048 Patent, a copy of which is attached hereto as Exhibit O.

26.     United States Patent No. 6,441,828 (the "'828 Patent") was duly and legally issued on August 27, 2002 and was assigned to MMI on January 11, 2010 for an invention entitled "Image display apparatus."  Plaintiff MMI owns and holds the rights to the '828 Patent, a copy of which is attached hereto as Exhibit P.

### Notice to Defendants

27.     On February 16, 2010, RIM Ltd. was notified by letter that its products, including but not limited to the infringing products listed herein, have infringed and continue to infringe the patents-in-suit.

28.     On February 16, 2010, RIM Corp. was notified by letter that its products, including but not limited to the infringing products listed herein, have infringed and continue to infringe the patents-in-suit.

## FIRST CAUSE OF ACTION

(Infringement of the '476 Patent)

29.     MMI repeats and realleges paragraphs 1 through 28 of its Amended Complaint as though fully set forth in this paragraph.

30.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '476 Patent.

31.     RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the 8800 series, the Tour 9630 model, the Curve 8300 series, the Curve 8500 series, the Curve 8900 model, the Pearl 8100 series, the Pearl Flip 8200 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Bold 9780 model and the Torch 9800 model, in violation of 35 U.S.C. § 271.

32.     RIM Ltd. and RIM Corp.'s infringement of the '476 Patent is willful and in deliberate disregard of MMI's rights under the patent.

33.     As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## SECOND CAUSE OF ACTION

### (Infringement of the '219 Patent)

34.     MMI repeats and realleges paragraphs 1 through 33 of its Amended Complaint as though fully set forth in this paragraph.

35.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '219 Patent.

36.     RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the 8800 series, the Tour 9630 model, the Curve 8300 series, the Curve 8500 series, the Curve 8900 model, the Pearl 8100 series, the Pearl Flip 8200 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model, in violation of 35 U.S.C. § 271.

37.     RIM Ltd. and RIM Corp.'s infringement of the '219 Patent is willful and in deliberate disregard of MMI's rights under the patent.

38.     As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## THIRD CAUSE OF ACTION

### (Infringement of the '439 Patent)

39.     MMI repeats and realleges paragraphs 1 through 38 of its Amended Complaint as though fully set forth in this paragraph.

40.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '439 Patent.

41.     RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the 8800 series, the Tour 9630 model, the Curve 8300 series, the Curve 8500 series, the Curve 8900 model, the Pearl 8100 series, the Pearl Flip 8200 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model, in violation of 35 U.S.C. § 271.

42.     RIM Ltd. and RIM Corp.'s infringement of the '439 Patent is willful and in deliberate disregard of MMI's rights under the patent.

43.     As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## FOURTH CAUSE OF ACTION

(Infringement of the '075 Patent)

44.     MMI repeats and realleges paragraphs 1 through 43 of its Amended Complaint as though fully set forth in this paragraph.

45.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '075 Patent.

46.     RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the 8800 series, the Tour 9630 model, the Curve 8300 series, the Curve 8500

series, the Curve 8900 model, the Pearl 8100 series, the Pearl Flip 8200 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model, in violation of 35 U.S.C. § 271.

47.     RIM Ltd. and RIM Corp.'s infringement of the '075 Patent is willful and in deliberate disregard of MMI's rights under the patent.

48.     As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## FIFTH CAUSE OF ACTION

(Infringement of the '078 Patent)

49.     MMI repeats and realleges paragraphs 1 through 48 of its Amended Complaint as though fully set forth in this paragraph.

50.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '078 Patent.

51.     RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the Tour 9630 model, the Curve 8300 series, the Curve 8500 series, the Curve 8900 model, the Pearl 8100 series, the Pearl Flip 8200 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model, in violation of 35 U.S.C. § 271.

52.     RIM Ltd. and RIM Corp.'s infringement of the '078 Patent is willful and in deliberate disregard of MMI's rights under the patent.

53.     As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## SIXTH CAUSE OF ACTION

(Infringement of the '231 Patent)

54.     MMI repeats and realleges paragraphs 1 through 53 of its Amended Complaint as though fully set forth in this paragraph.

55.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '231 Patent.

56.     RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the 8800 series, the Tour 9630 model, the Curve 8300 series, the Curve 8500 series, the Curve 8900 model, the Pearl 8100 series, the Pearl Flip 8200 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model, in violation of 35 U.S.C. § 271.

57.     RIM Ltd. and RIM Corp.'s infringement of the '231 Patent is willful and in deliberate disregard of MMI's rights under the patent.

58.     As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## SEVENTH CAUSE OF ACTION

### (Infringement of the '390 Patent)

59.     MMI repeats and realleges paragraphs 1 through 58 of its Amended Complaint as though fully set forth in this paragraph.

60.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '390 Patent.

61.     RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the Tour 9630 model, the Curve 8500 series, the Pearl 8100 series, the Pearl Flip 8200 series, the Storm 9530 model, the Storm II 9550 model, the Curve 9300 series, the Bold 9650 model and the Style 9670 model, in violation of 35 U.S.C. § 271.

62.     RIM Ltd. and RIM Corp.'s infringement of the '390 Patent is willful and in deliberate disregard of MMI's rights under the patent.

63.     As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## EIGHTH CAUSE OF ACTION

### (Infringement of the '394 Patent)

64.     MMI repeats and realleges paragraphs 1 through 63 of its Amended Complaint as though fully set forth in this paragraph.

65.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '394 Patent.

66.    RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the 8800 series, the Tour 9630 model, the Curve 8300 series, the Curve 8500 series, the Pearl Flip 8200 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Curve 9300 series, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model, in violation of 35 U.S.C. § 271.

67.    RIM Ltd. and RIM Corp.'s infringement of the '394 Patent is willful and in deliberate disregard of MMI's rights under the patent.

68.    As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

**NINTH CAUSE OF ACTION**

(Infringement of the '068 Patent)

69.    MMI repeats and realleges paragraphs 1 through 68 of its Amended Complaint as though fully set forth in this paragraph.

70.    MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '068 Patent.

71.    RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the 8800 series, the Tour 9630 model, the Curve 8300 series, the Curve 8500 series, the Curve 8900 model, the Pearl 8100 series, the Pearl Flip 8200 series, the Pearl 9100 model, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Curve 9300

series, the Bold 9650 model, the Style 9670 model, the Bold 9700 model, the Bold 9780 model and the Torch 9800 model, in violation of 35 U.S.C. § 271.

72.     RIM Ltd. and RIM Corp.'s infringement of the '068 Patent is willful and in deliberate disregard of MMI's rights under the patent.

73.     As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## TENTH CAUSE OF ACTION

(Infringement of the '301 Patent)

74.     MMI repeats and realleges paragraphs 1 through 73 of its Amended Complaint as though fully set forth in this paragraph.

75.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '301 Patent.

76.     RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the 8800 series, the Tour 9630 model, the Curve 8300 series, the Curve 8500 series, the Curve 8900 model, the Pearl 8100 series, the Pearl Flip 8200 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model, in violation of 35 U.S.C. § 271.

77.     RIM Ltd. and RIM Corp.'s infringement of the '301 Patent is willful and in deliberate disregard of MMI's rights under the patent.

78.     As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

### ELEVENTH CAUSE OF ACTION

(Infringement of the '080 Patent)

79.     MMI repeats and realleges paragraphs 1 through 78 of its Amended Complaint as though fully set forth in this paragraph.

80.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '080 Patent.

81.     RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the 8800 series, the Tour 9630 model, the Curve 8300 series, the Curve 8500 series, the Curve 8900 model, the Pearl 8100 series, the Pearl Flip 8200 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model, in violation of 35 U.S.C. § 271.

82.     RIM Ltd. and RIM Corp. actively induce the infringement of this patent by providing step-by-step instructions of how to use the smartphones in an infringing manner in connection with computers using the Media Manager software provided in the smartphone packaging ("packaged software") by RIM Ltd. and/or RIM Corp. and/or on the RIM website. The instructions are found in the user guides provided with the smartphones and on the RIM website, which is referenced by the packaged software and user guides.

83.     RIM Ltd. and RIM Corp. also actively induce the infringement of this patent by providing step-by-step instructions of how to use the smartphones in an infringing manner in connection with computers using the Active Sync software provided by RIM in connection with Apple's iTunes and/or Microsoft's Windows Media Player software.  The instructions are found in the user guides provided with the smartphones and on the RIM website, which is referenced by the packaged software and user guides.

84.     At least since the February 16, 2010 actual notice of infringement, RIM Ltd. and RIM Corp. knew or should have known that the smartphones would be used in an infringing manner, and RIM Ltd. and RIM Corp. intended to encourage this infringement and continue to do so.

85.     RIM Ltd. and RIM Corp.'s infringement of the '080 Patent is willful and in deliberate disregard of MMI's rights under the patent.

86.     As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## TWELFTH CAUSE OF ACTION

### (Infringement of the '012 Patent)

87.     MMI repeats and realleges paragraphs 1 through 86 of its Amended Complaint as though fully set forth in this paragraph.

88.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '012 Patent.

89.     RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone

devices, including the Tour 9630 model, the Curve 8300 series, the Curve 8500 series, the Curve 8900 model, the Pearl 8100 series, the Pearl Flip 8200 series, the Bold 9000 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model, the Bold 9780 model, the Storm 9530 model and the Storm II 9550 model, in violation of 35 U.S.C. § 271.

90.     RIM Ltd. and RIM Corp.'s infringement of the '012 Patent is willful and in deliberate disregard of MMI's rights under the patent.

91.     As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## THIRTEENTH CAUSE OF ACTION

### (Infringement of the '170 Patent)

92.     MMI repeats and realleges paragraphs 1 through 91 of its Amended Complaint as though fully set forth in this paragraph.

93.     MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '170 Patent.

94.     RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the Pearl 8100 series, the Pearl Flip 8200 series, the 8800 series, the Curve 8900 model, the Curve 8300 series, the Curve 8500 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Tour 9630 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model, in violation of 35 U.S.C. § 271.

95.    RIM Ltd. and RIM Corp.'s infringement of the '170 Patent is willful and in deliberate disregard of MMI's rights under the patent.

96.    As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## FOURTEENTH CAUSE OF ACTION

(Infringement of the '796 Patent)

97.    MMI repeats and realleges paragraphs 1 through 96 of its Amended Complaint as though fully set forth in this paragraph.

98.    MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '796 Patent.

99.    RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the Pearl 8100 series, the Pearl Flip 8200 series, the 8800 series, the Curve 8900 model, the Curve 8300 series, the Curve 8500 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Tour 9630 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model, in violation of 35 U.S.C. § 271.

100.    RIM Ltd. and RIM Corp.'s infringement of the '796 Patent is willful and in deliberate disregard of MMI's rights under the patent.

101.    As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## FIFTEENTH CAUSE OF ACTION

(Infringement of the '048 Patent)

102.    MMI repeats and realleges paragraphs 1 through 101 of its Amended Complaint as though fully set forth in this paragraph.

103.    MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '048 Patent.

104.    RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the Pearl 8100 series, the Pearl Flip 8200 series, the 8800 series, the Curve 8900 model, the Curve 8300 series, the Curve 8500 series, the Bold 9000 model, the Storm 9530 model, the Storm II 9550 model, the Tour 9630 model, the Curve 9300 series, the Pearl 9100 model, the Style 9670 model, the Bold 9700 model, the Bold 9650 model, the Torch 9800 model and the Bold 9780 model, in violation of 35 U.S.C. § 271.

105.    RIM Ltd. and RIM Corp.'s infringement of the '048 Patent is willful and in deliberate disregard of MMI's rights under the patent.

106.    As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

## SIXTEENTH CAUSE OF ACTION

(Infringement of the '828 Patent)

107.    MMI repeats and realleges paragraphs 1 through 106 of its Amended Complaint as though fully set forth in this paragraph.

108.   MMI is the legal owner by assignment of all rights, title and interest in and to the validly issued '828 Patent.

109.   RIM Ltd. and RIM Corp. have infringed and continue to infringe, directly or indirectly, this patent by making, using, selling, offering to sell and/or importing smartphone devices, including the Storm 9530 model, the Storm II 9550 model and the Torch 9800 model, in violation of 35 U.S.C. § 271.

110.   RIM Ltd. and RIM Corp.'s infringement of the '828 Patent is willful and in deliberate disregard of MMI's rights under the patent.

111.   As a result of Defendants' patent infringement, MMI has suffered and will continue to suffer damages and irreparable injury as Defendants continue broadly distributing their infringing devices in the marketplace.

WHEREFORE, MMI prays for judgment and seeks relief against RIM Ltd. and RIM Corp. as follows:

(a)     That the Court find and declare that Defendants are infringing each of the patents-in-suit in violation of 35 U.S.C. § 271;

(b)     That the Court find and declare that this infringement was and continues to be willful;

(c)     That the Court issue a permanent injunction against further infringement of the patents-in-suit pursuant to 35 U.S.C. § 283;

(d)     That the Court award Plaintiff damages adequate to compensate for the infringement of the patents-in-suit in an amount to be determined at trial, together with interest and costs as fixed by this Court; all of those damages to be enhanced in an amount up to treble

the amount of compensatory damages as this Court finds proper, for example, due to Defendants' willful infringement, as provided by 35 U.S.C. § 284;

(e)     That the Court find and declare this to be an exceptional case entitling Plaintiff to reasonable attorneys' fees, costs and disbursements pursuant to 35 U.S.C. § 285; and

(f)     That the Court grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 4, 2011

*/s/ Mark E. Turk*
Michael P. Lynn
State Bar No. 12738500
Email: mlynn@lynnllp.com
Eric W. Pinker, P.C
State Bar No. 16016550
Email: epinker@lynnllp.com
Mark E. Turk
State Bar No. 00786298
Email: mturk@lynnllp.com
LYNN TILLOTSON PINKER & COX, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas  75201
(214) 981-3800
(214) 981-3839 – telecopier

Garrard Beeney
Marc De Leeuw
Adam R. Brebner
*Pro Hac Vice*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

Kenneth Rubenstein
*Pro Hac Vice*
Anthony Coles
*Pro Hac Vice*

PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Plaintiff*
*MobileMedia Ideas LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.1(d) on November 4, 2011.


*/s/ Mark Turk*
Mark Turk