IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOBILEMEDIA IDEAS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:11-cv-02353-N |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| RESEARCH IN MOTION LIMITED and | ) | |
| RESEARCH IN MOTION | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MMI'S OPPOSITION TO DEFENDANTS' SUPPLEMENTAL
BRIEF IN SUPPORT OF MOTION TO STAY FILED UNDER SEAL**

Plaintiff MobileMedia Ideas LLC ("MMI") respectfully submits this Opposition to RIM's Supplemental Brief In Support Of Motion To Stay filed on February 27, 2012. (Dkt. No. 220). For the reasons set forth below, RIM's Motion to Stay should be denied.[1]

Seven months ago, RIM moved to stay this case pending reexaminations that it initiated for fourteen of the patents-in-suit. In response, MMI explained that the balance of factors weighed heavily against staying this case, despite the reexamination proceedings that RIM initiated. (Dkt. No. 158, MMI'S Opposition to RIM's Motion to Stay, at 10-13.) Indeed, this Court discussed this matter during a telephonic conference held on October 21, 2011 – and proceeded to advise the parties on moving the case forward, including setting a date for trial. Nothing in RIM's supplemental briefing compels a different result. If anything, RIM's supplemental briefing confirms why the motion should be denied.

---

[1] Pursuant to Local Rule 7.1(h), RIM was required to meet and confer with MMI before filing its supplemental briefing. Under that same rule, RIM was also required to seek leave from the Court. It did neither. RIM's supplemental brief should therefore be stricken on those bases alone.

***Fact Discovery Has Been Ongoing For More Than A Year***: One of the principal factors for this Court to weigh when considering a motion to stay is how far discovery has progressed. *See BarTex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d. 647, 653-54 (E.D. Tex. 2009) (denying stay pending reexamination where the parties were actively engaged in discovery, including exchanging discovery requests and document productions); *ePlus, Inc. v. Lawson Software, Inc.*, C.A. No. 3:09-cv-620, 2010 WL 1279092 at *5 (E.D. Va. Mar. 31, 2010) (denying stay pending reexamination where fact discovery was well underway and a trial date had been set). Yet RIM's supplemental briefing completely ignores that the parties have engaged in fact discovery for more than a year. Indeed, RIM filed its earlier-filed motion to stay more than seven months ago. Since then, the parties have engaged in substantial additional discovery; among other things, collecting, producing, and reviewing hundreds of thousands of documents that are relevant to the claims and defenses being asserted in this case. In fact, RIM collected and produced over a million pages of documents on February 29, 2012. The parties have also served and answered numerous interrogatories covering critical issues such as, the structure, function and operation of the accused instrumentalities, and RIM's willful infringement. The parties have served multiple rounds of infringement and invalidity contentions, including supplemental invalidity contentions served on March 12, 2012. The parties have deposed numerous inventors of the patents-in-suit, and RIM is aggressively seeking to depose other inventors as soon as possible. The parties have also previously exchanged disputed claim terms for construction and are poised to exchange claim constructions at the beginning of next month. (Scheduling Order at 3.)

In short, RIM's supplemental briefing selectively omits how much discovery the parties have conducted over the last seven months getting ready for trial, which is now less than a year

away. Staying this case now would severely prejudice the parties in light of the substantial amount of time and expense incurred to date.

***The PTO Has Already Completed Reexamination of Eight of the Patents-in-Suit***: RIM further attempts to reinforce its motion to stay by arguing that the reexaminations of the patents-in-suit have created an ever-changing landscape in this litigation. But in doing so, RIM plainly misstates the current status of the reexamination proceedings.

After MMI commenced this lawsuit, RIM sought to delay the case by asking the United States Patent and Trademark Office ("PTO") to reexamine many of the patents-in-suit. In its supplemental brief, RIM states that "eleven of the patents-in-suit [are] still currently in reexamination." (Supp. Br. at 2). That is incorrect. Of the fourteen patents-in-suit initially placed into reexamination, the PTO has ***already concluded*** its review of ***eight*** of them, finding that the prior art submitted was plainly deficient to invalidate all of the asserted claims in those patents.[2] Therefore, only six patents are currently being actively reexamined, and not eleven as RIM argues. In other words, the PTO has already finished its review of more than half of the patents-in-suit placed into reexamination, and MMI has prevailed in all of these cases.[3]

---

[2] The PTO has issued reexamination certificates for U.S. Patent Nos. 5,732,390; 5,737,394; 6,055,439; 6,070,068; and 6,389,301. The PTO has sent MMI a Notice of Intent to Issue Ex Parte Reexamination Certificate ("Notice of Intent To Issue") for U.S. Patent Nos. RE 39,231; 5,479,476; and 6,253,075.

[3] In its opposition brief, MMI explained to the Court that RIM engages in the general practice of seeking to delay patent cases by filing reexaminations with the PTO. (Opp'n at 1). And recent actions by RIM confirm that it is doing exactly that in this case. As explained above, the PTO has already reexamined and issued a certificate for U.S. Patent No. 6,055,439. But now, RIM has asked the PTO to re-examine that same patent a second time. RIM has also asked the PTO to reexamine U.S. Patent No. 5,845,219 a second time, even though that patent is still undergoing its first reexamination. Courts have denied motions to stay for this exact type of gamesmanship that RIM is engaging in here. *See Nidec Corp. v. LG Innotek Co., Ltd.*, Civ. A. No. 6:07-cv-108, 2009 WL 3673433, at *4 (E.D. Tex. Apr. 3, 2009) (reasoning that the prejudice that would result from the indefinite nature of a stay is accentuated by a serial reexamination request).

***RIM Overstates the Amendments Made to the Asserted Claims***: In addition to misstating the current status of the reexamination proceedings, RIM also overstates the changes that MMI has made to the patents-in-suit during the reexamination proceedings. Indeed, the "timeline" of changes that RIM includes in its supplemental brief disingenuously encompasses claims that have not even been asserted in this case. (Supp. Br. at 2). Most significantly, RIM selectively omits that MMI has *not* asserted any of the newly-added claims against RIM in this case. Indeed, notably absent from RIM's supplemental brief is any recitation of the actual language of the claim amendments or how these amendments have substantively altered the course of discovery.

Contrary to RIM's elliptical reference, MMI's amendments have largely been to place dependent claims into independent form or otherwise add clarifying language to the asserted claims *without changing their scope*. For example, MMI has asserted five claims in U.S. Patent No. 7,349,012. Yet, MMI has not amended four of the asserted claims in this patent during reexamination. Indeed, these four claims remain entirely in original form. As for the fifth claim that MMI asserted against RIM, MMI merely rewrote the claim into independent form, and so did not substantively amend the claim. *See Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997) (restating a dependent claim in independent form does "not change the scope of [the] original claims" and is not a substantive change).

Moreover, RIM's argument that MMI has served amended infringement contentions with claims that have not yet issued from reexamination is unavailing. MMI's amended its infringement contentions to include claims that the PTO has deemed allowable (either by sending MMI a Notice of Intent to Issue or otherwise telling MMI that those claims are now in allowable form). If anything, MMI's prompt disclosure of its infringement contentions for soon-to-be issued claims has streamlined discovery.

For the foregoing reasons, RIM's motion to stay should be denied.

March 14, 2012                    Respectfully submitted,


                                  /s/Mark E. Turk_____
                                  Michael P. Lynn
                                  State Bar No. 12738500
                                  Email: mlynn@lynnllp.com
                                  Eric W. Pinker, P.C.
                                  State Bar No. 16016550
                                  Email: epinker@lynnllp.com
                                  Mark E. Turk
                                  State Bar No. 00786298
                                  Email: mturk@lynnllp.com
                                  LYNN TILLOTSON PINKER & COX, LLP
                                  2100 Ross Avenue, Suite 2700
                                  Dallas, TX 75201
                                  Tel: (214) 981-3800
                                  Fax: (214) 981-3839

                                  PROSKAUER ROSE LLP
                                  Steven M. Bauer*
                                  Justin J. Daniels*
                                  Safraz W. Ishmael*
                                  One International Place
                                  Boston, MA 02110-2600
                                  (617) 526-9600

                                  PROSKAUER ROSE LLP
                                  Kenneth Rubenstein (*admitted pro hac vice*)
                                  Anthony C. Coles (*admitted pro hac vice*)
                                  Alan Federbush (*admitted pro hac vice*)
                                  Eleven Times Square
                                  New York, NY 10036
                                  (212) 969-3000

                                  **pro hac vice motions to be filed*

                                  *Attorneys for Plaintiff MobileMedia Ideas LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on March 14, 2012, a true and correct copy of the above document was filed through the CM/ECF system of the Northern District of Texas and was served by that system on all counsel of record.

      /s/*Mark E. Turk*
      Mark E. Turk