IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOBILEMEDIA IDEAS LLC, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-2353-N |
| | § | |
| RESEARCH IN MOTION LIMITED, *et al.*, | § | |
| | § | |
|    Defendants. | § | |

# ORDER

This Order addresses Defendants Research in Motion Limited and Research in Motion Corporation's (collectively "RIM") motion to stay [102]. For the following reasons, the Court grants in part and denies in part RIM's motion.

## I. THE COURT STAYS THE NOKIA-MMI PATENT CLAIMS

The Fifth Circuit has held that the mandatory stay provision of the Federal Arbitration Act, 9 U.S.C. § 3, applies to claims involving non-signatories to an arbitration agreement where (1) the arbitrated and litigated disputes involve the same operative facts, (2) the claims are inherently inseparable, and (3) the litigation has a critical impact on the arbitration. *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A.*, 372 F.3d 339, 343 (5th Cir. 2004). Here, RIM contends that nonparty Nokia licensed it five of the patents-in-suit: United States Patent Nos. 5,479,476 (the "'476 patent"), 5,845,219 (the "'219 patent"), 6,055,439 (the "'439 patent"), 6,253,075 (the "'075 patent"), and 6,427,078 (the "'078 patent") (collectively the "Nokia-MMI Patents"). Nokia later assigned the Nokia-MMI Patents to

Plaintiff MobileMedia Ideas LLC ("MMI") subject to all encumbrances. MMI subsequently brought the instant suit against RIM for infringement of the Nokia-MMI Patents, among others. RIM's license agreement with Nokia contained an arbitration provision stating that "any dispute, controversy[,] or claim arising under, out of[,] or relating to this Agreement . . . shall be referred to and finally and conclusively determined by arbitration." RIM's Mot. Stay, Ex. A ¶¶ 12.2, 12.3 [102-2]. Accordingly, RIM instituted an arbitration proceeding seeking a judgment from the arbitrator that RIM has a license to the Nokia-MMI Patents.

    Both this suit and the RIM-Nokia arbitration involve the same operative facts – rather, they beg the same question – whether RIM has the right to utilize the Nokia-MMI Patents. The claims also are inherently inseparable because RIM's license defense in the instant suit is precisely the subject of the arbitration. Finally, the litigation of the license issue is likely to have a critical impact on the arbitration. The Court's finding as to the existence of RIM's license to the Nokia-MMI Patent will render the arbitration redundant. Ultimately, the question the Court is asked to address in determining whether the claims are referable to arbitration is "whether proceeding with litigation will destroy the signatories' right to a meaningful arbitration." *Adams v. Ga. Gulf Corp.*, 237 F.3d 538, 541 (5th Cir. 2001). The Court holds that it unquestionably will. Accordingly, because five of the claims are referable to arbitration under the arbitration agreement between Defendants and Nokia, the Court stays those claims.

## II. THE COURT DECLINES TO STAY THE REMAINING CLAIMS

"Stays of nonarbitrable causes of action are within the court's discretion to control its docket." *M & I Elec. Indus., Inc. v. Rapistan Demag Corp.*, 814 F. Supp. 545, 547 (E.D. Tex. 1993); *see also In re Compl. of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 755 (5th Cir. 1993). RIM bears a heavy burden in justifying a discretionary stay. *See Coastal (Berm.) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 n.6 (discussing movant's burden). "Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Id.* RIM argues that the Court should stay the remaining claims because they are subject to reexamination.

This Court has held that "litigation and reexamination are not mutually exclusive alternatives for the parties to test the validity of a patent – they may be concurrent proceedings." *Guardian Techs., LLC v. X10 Wireless Tech., Inc.*, 2011 WL 308658, at *2 (N.D. Tex. 2011) (Boyle, J.) (quoting *BarTex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 650 (E.D. Tex. 2009)). "In deciding whether to stay litigation pending reexamination of a patent, courts consider three main factors: '1) whether a stay will unduly prejudice or present clear tactical disadvantage to the nonmoving party, 2) whether a stay will simplify the issues in question and the trial of the case, and 3) whether discovery is complete and whether a trial date has been set.'" *Id.* (citing *BarTex Research*, 611 F. Supp. 2d at 649-50). The Court considers each factor in turn.

First, MMI asserts that many of the patents-in-suit are near the end of their terms, so that an indefinite delay for the reexamination process may leave MMI irreparably harmed.

MMI's Opp'n to RIM's Mot. Stay 11-12 [158]; *see BarTex Research*, 611 F. Supp. 2d at 652 (finding irreparable harm would occur by lengthy delay resulting from reexamination even where company was a nonpracticing entity and would be able to collect damages for infringement during the stay if court were to later hold that defendant infringed the patents). The Court agrees. "[U]ltimate resolution of the reexamination proceedings and any appeals could take several years." *Guardian Techs.*, 2011 WL 308658, at *2 (citing *BarTex Research*, 611 F. Supp. 2d at 651). Thus, the Court finds that a stay will unduly prejudice MMI.

Second, the Court is not convinced that reexamination will simplify the issues for trial. MMI informs the Court that the U.S. Patent and Trademark Office ("PTO") has completed reexamination of eight of the patents-in-suit and has declined to modify or cancel them. *See* MMI's Opp'n to Defs.' Suppl. Br. Supp. Mot. Stay 3 [223]. As to the remaining reexaminations, the Court cannot say that it is likely that the claims will be modified or cancelled. Indeed, statistics provide that where a third party seeks an ex parte reexamination, the PTO cancels the claims only thirteen percent of the time. *See Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, 2011 WL 836673, at *3 n.2 (D. Md. 2011) (citing data from December 2010). And, even if the PTO upholds the validity of the patents, that outcome does not prevent RIM from continuing to assert invalidity in court. *Id.* Thus, staying the case conserves few resources.

Lastly, this case has been pending for almost two years. The claim construction hearing is set for June 2012 and the trial is set for February 2013, less than a year away [222].

Additionally, the parties have actively been engaged in discovery. Thus, the Court finds no reason to further delay this already two-year old proceeding. All three factors militate against granting a stay. Because the Court in its discretion determines that RIM did not show that a stay of the remaining claims is warranted, the Court declines to stay those claims.

## CONCLUSION

The Court orders claims one through five, concerning the '476 patent, the '219 patent, the '439 patent, the '075 patent, and the '078 patent, stayed pending arbitration, but does not stay MMI's remaining claims.

Signed March 21, 2012.

_____
David C. Godbey
United States District Judge