**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MOBILEMEDIA IDEAS LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:11-cv-02353-N |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| RESEARCH IN MOTION LIMITED and ) | |
| RESEARCH IN MOTION ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

**APPENDIX TO MMI'S RESPONSE TO DEFENDANTS'
MOTION FOR A STATUS CONFERENCE**

Plaintiff MobileMedia Ideas LLC ("MMI") files this Appendix to MMI's Response to Defendants' Motion for a Status Conference.

April 24, 2012                                             Respectfully submitted,

                                                          */s/ Mark Turk*
                                                          Michael P. Lynn
                                                          State Bar No. 12738500
                                                          Email: mlynn@lynnllp.com
                                                          Eric W. Pinker, P.C.
                                                          State Bar No. 16016550
                                                          Email: epinker@lynnllp.com
                                                          Mark E. Turk
                                                          State Bar No. 00786298
                                                          Email: mturk@lynnllp.com
                                                          LYNN TILLOTSON PINKER & COX, LLP
                                                          2100 Ross Avenue, Suite 2700
                                                          Dallas, TX 75201
                                                          Tel: (214) 981-3800
                                                          Fax: (214) 981-3839

PROSKAUER ROSE LLP
Steven M. Bauer (*admitted pro hac vice*)
Justin J. Daniels (*admitted pro hac vice*)
Safraz W. Ishmael (*admitted pro hac vice*)
One International Place
Boston, MA 02110-2600
(617) 526-9600

PROSKAUER ROSE LLP
Kenneth Rubenstein (*admitted pro hac vice*)
Anthony Coles (*admitted pro hac vice*)
Alan Federbush (*admitted pro hac vice*)
Eleven Times Square
New York, NY 10036
(212) 969-3000

*Attorneys for Plaintiff MobileMedia Ideas LLC*

CERTIFICATE OF SERVICE

      The undersigned certifies that on April 24, 2012, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule Cv-5(a)(3). Any other counsel of record will be served via first class mail and/or facsimile.

*/s/ Mark Turk*
Mark E. Turk

4830-1935-1567, v. 1

```
 1                 IN THE UNITED STATES DISTRICT COURT

 2                 IN AND FOR THE DISTRICT OF DELAWARE

 3                              - - -

 4
     MOBILEMEDIA IDEALS, LLC,,       :   CIVIL ACTION
 5                                   :
                    Plaintiff,       :
 6                                   :
         vs.                         :
 7                                   :
     APPLE INC.,                     :
 8                                   :
                    Defendant.       :   NO. 10-258 SLR-MPT
 9

10                              - - -

11                                   Wilmington, Delaware
                                     Tuesday, April 17, 2012
12                                   10:00 o'clock, a.m.

13                              - - -

14   BEFORE:  HONORABLE SUE L. ROBINSON, U.S.D.C.J.

15                              - - -

16   APPEARANCES:

17            MORRIS, NICHOLS, ARSHT & TUNNELL LLP
              BY:  JACK B. BLUMENFELD, ESQ.
18

19                         -and-

20

21

22

23

24                                   Valerie J. Gunning
                                     Official Court Reporter
25
```

```
 1    APPEARANCES (Continued):

 2
              PROSKAUER ROSE LLP
 3            BY:   JUSTIN DANIELS, ESQ.
                    STEVEN BAUER, ESQ.
 4                  (New York, New York)

 5
                    Counsel for Plaintiff
 6

 7
              MORRIS JAMES LLP
 8            BY:   RICHARD K. HERRMANN, ESQ.

 9
                         -and-
10

11            O'MELVENY & MYERS LLP
              BY:   LUANN L. SIMMONS, ESQ.,
12                  MICHAEL SAPOZNIKOW, ESQ. and
                    ERIC NAMROW, ESQ.
13                  (San Francisco, California)

14
                    Counsel for Defendant
15

16                       - - -

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2
 3
 4              (Proceedings commenced in the courtroom,
 5      beginning at 10:00 a.m.)
 6
 7              THE COURT:  Good morning, everyone.
 8              (Counsel respond, "Good morning, your Honor.")
 9              THE COURT:  Why don't we have some introductions
10      before we get into the substance.
11              Mr. Blumenfeld, we'll start with you.
12              MR. BLUMENFELD:  Thank you, your Honor.
13              Jack Blumenfeld from Morris Nichols for the
14      plaintiff along with Steve Bauer and Justin Daniels from the
15      Proskauer firm.
16              With the Court's permission, Mr. Bauer will be
17      speaking for the plaintiff today.  Before he does that, we
18      did spend some time talking between the sides leading up to
19      this morning and we have resolved a lot of what we thought
20      were the issues, as frequently happens, but Mr. Bauer can
21      present that.
22              THE COURT: All right.  Fine.  Thank you.
23      Always a good thing.
24              Mr. Herrmann?
25              MR. HERRMANN:  Good morning, your Honor.
```

```
 1                THE COURT:  Good morning.
 2                MR. HERRMANN:  Your Honor, I'd like to introduce
 3   to the Court Luann Simmons from the O'Melveny & Myers firm,
 4   and Eric Namrow, and Mike Sapoznikow.  I did not that wrong,
 5   Michael.  I apologize.
 6                THE COURT:  All right.
 7                MR. HERRMANN:  All from O'Melveny.
 8                THE COURT:  All right.  Thank you very much.
 9                Will I need my calendar, because it takes --
10                MR. BAUER:  I don't know that you'll need it.
11   We have some dates that we've proposed, but nothing that
12   affects your calendar.
13                THE COURT:  All right.
14                MR. BAUER:  Only if you want to see the dates
15   that I propose.
16                Your Honor, we're new to the case and so it took
17   us a little while to get our arms around things and we've
18   done that.
19                The case started as 16 patents.  We dropped two
20   already.  And the benefit of a hearing is it focuses counsel
21   on both sides to get to the heart of the issues.  So we
22   chatted and we have a proposal which I'm going to lay out,
23   and if I misstate it, we just did it this morning, so it's
24   from my notes, Ms. Simmons will correct me.
25                But we think the issues for today were how were
```

```
 1    we going to deal with a case that still had 14 patents and
 2    all the claim constructions and the summary judgments and
 3    all of that stuff that was going to be coming up in the next
 4    couple months.  So we both came up with a proposal, which we
 5    think is a little novel, but we'll work to simplify the
 6    case.
 7              What we're going to do is withdraw four patents
 8    from this part of the case, with your Honor's permission.
 9    We're going to bifurcate it out to post-trial.  And then,
10    depending on what happens at trial, whether we'll ever see
11    them again or not, we'll worry about that.  So we're going
12    to narrow it down to ten patents.
13              We're going to identify those patents on
14    April 25th.  At the same time, we're going to restrict the
15    number of claims to 30 total.  So it will be three claims on
16    average per patent, but it does not need to be three per
17    patent.
18              So we will narrow the patent case to ten patents
19    and 30 claims maximum, no more than three per patent.  After
20    that -- so we'll do that on April 25th.
21              On April 30th, both parties are going to
22    identify 30 terms that they believe need to be construed,
23    and there will be overlap, so there won't be -- but we're
24    only asking to present to the Court 30 terms total.
25              All right.  We agreed to exchange 30 terms?
```

1           MS. SIMMONS:  Right.

2           MR. BAUER:  It would be 30 terms total for the

3   Court.  So we're going to, again, narrow the patent case.

4   So it's down to ten patents, no more than 30 claims, and no

5   more than 30 terms, total.  So on average, three terms per

6   patent, but not necessarily three per patent, but on

7   average.

8           And the way we're going to do that process is we

9   will exchange the 30 terms we think each of us believes

10  there may be overlap, and if there's overlap, then we'll sit

11  down and meet and confer, and we've come up with sort of a

12  baseball arbitration rule.  We'll give two, they'll give

13  two.  But we'll get to 30 claim terms total for the Court to

14  construe, plus separately means-plus-function.  Those aren't

15  really construction as much as understanding that there will

16  be some debate as to what the structure is for the

17  means-plus-function.

18          But the 30 we're talking about is where there's

19  a real dispute as to does it mean all or some, you know,

20  that sort of thing.  So we think we've narrowed it down

21  significantly.

22          At the same time that we identify the 30 terms

23  on April 30th, they're going to narrow their prior art,

24  which right now they've got about a hundred prior art

25  references.  They'll narrow it to 30 prior art references,

1   again, average of three per patent.

2               So that was the rule of thumb that we all worked

3   for, but without limiting us to three per patent, so they'll

4   identify no more than 30 references on average.

5               And then we'll meet on May 1st and try to narrow

6   things down.  There's an opportunity, which is not

7   necessarily for your Honor, but a buyer's remorse.  We're

8   identifying ten.  We have two days to swap one patent out

9   for the other just if somebody has a concern on the client's

10  side.  But that's the most.

11              But it will be -- at the end of the day, we're

12  going to present no more than ten patents, no more than 30

13  claims, no more than 30 claim terms for a construction, no

14  more than 30 prior art references for the ten patents.  And

15  that will be the process to narrow it.

16              The one thing we'd like to ask the Court,

17  because it is ten patents, we'd like -- we both would like

18  to ask the Court to double the page limits for claim

19  construction and summary judgment, which would be the

20  opening claim construction brief would be 60 pages, and the

21  opening summary judgment brief would be 80 pages, given the

22  number of patents.

23              And the one other thing was they have a motion

24  to strike that's pending, motion to strike some claim terms

25  that they will defer the reply brief on that until after

1   this whole process runs its course, because we don't know

2   what claim terms will still be in and whether they still

3   want to press that issue.

4           And if I said no more than three claims per

5   patent, I meant to say no more than three claims -- did I

6   misspeak somehow?  I don't understand.  I think I -- Ms.

7   SIMMONS will correct me if I misspoke, but I think we have

8   an agreement on what we were contemplating here.

9           THE COURT:  All right.  I take it the motion to

10  dismiss for lack of standing is still out there?

11          MS. SIMMONS:  Yes, your Honor.  That is still

12  pending.

13          THE COURT:  All right.  All right.  Ms. SIMMONS?

14             Thank you very much.

15          MR. BAUER:  Thank you.

16          MS. SIMMONS:  Good morning, your Honor.

17          THE COURT:  Good morning.

18          MS. SIMMONS:  I think we did not have any

19  corrections to the proposal.  That was our understanding as

20  well.  The only clarification would be for the request to

21  double the page limits on the briefing.  That would apply to

22  all of the briefs, not just the opening briefs, which I

23  believe is what you intended to say, counsel, but wanted to

24  make sure that was clear.  Otherwise, I believe that counsel

25  properly stated our agreement.

| | |
|---|---|
| 1 | THE COURT:  All right. |
| 2 | MR. BAUER:  They explained what that note was. |
| 3 | I may have said no more than three per patent.  What I was |
| 4 | talking about was an average of three per patent.  I think I |
| 5 | explained that. |
| 6 | THE COURT:  All right. |
| 7 | MS. SIMMONS:  That's our understanding as well. |
| 8 | Thank you, your Honor. |
| 9 | THE COURT:  All right.  Thank you. |
| 10 | I appreciate the efforts you made to come to |
| 11 | this agreement, and given that, I'm not going to whine about |
| 12 | doubling the pages.  I will quietly, when we get all that |
| 13 | paper, but I understand that you think -- even though you've |
| 14 | narrowed everything, I understand you still feel as though |
| 15 | you need more. |
| 16 | So it would be helpful in that regard if you -- |
| 17 | I don't know whether you plan to put any of this in writing, |
| 18 | or whether the transcript is going to be what -- is going to |
| 19 | suffice.  I just want to make sure that I'm reminded because |
| 20 | of all the papers that come in, that when this comes in |
| 21 | doubled, that I will refresh my recollection easily. |
| 22 | MR. HERRMANN:  To refresh your recollection |
| 23 | easily, your Honor, we'll be pleased to prepare a |
| 24 | stipulation and order. |
| 25 | THE COURT:  I would appreciate that.  It's |

```
 1    always good so that everyone in my office has the same
 2    docket sheet to make sure that I'm doing my job right and
 3    you all are doing your job right.
 4             I understand that the motion to strike is
 5    essentially deferred at this point and I shouldn't address
 6    any energy to that, but that the motion to dismiss for lack
 7    of standing is -- I think it's fully briefed at this point.
 8    So we will try to address that so that we can move forward,
 9    if that's appropriate.
10             Are there any other issues, then, that we need
11    to address from plaintiff's perspective?
12             MR. BAUER:  No, your Honor.  I think we got
13    that, what the issues for today, resolved.
14             THE COURT:  Great.  Thank you so much.
15             From defendant's perspective?
16             MS. SIMMONS:  Agreed.  That you, your Honor.
17             THE COURT:  All right.  Well, you seem like a
18    model patent case in this regard, so feel free to share that
19    degree of cooperation with your colleagues and the bar.
20    Appreciate it.  Thank you very much.
21             (Counsel respond, "Thank you, your Honor.")
22             (Hearing concluded at 10:11 a.m.)
23                          - - -
24
25
```