UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOBILEMEDIA IDEAS LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:11-cv-02353-N |
| RESEARCH IN MOTION LIMITED and § | |
| RESEARCH IN MOTION CORPORATION § | |
| § | |
| Defendants. § | |
| § | |
| § | |

## JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT

TO THE HONORABLE COURT:

Pursuant to the Court's Scheduling Order dated March 9, 2012 (Dkt. No. 222) and Rule 4-3 of the Court's Amended Miscellaneous Order No. 62, Plaintiff MobileMedia Ideas LLC ("MMI") and Defendants Research In Motion Limited and Research In Motion Corporation (collectively "RIM") file this Joint Claim Construction and Prehearing Statement.

**(a)   The construction of those claim terms, phrases or clauses on which the parties agree;**

The parties have identified those claim terms, phrases or clauses on which they agree, and have noted those constructions within the Joint Claim Construction Chart, attached hereto as Exhibit A.

**(b)   Each party's proposed construction of each disputed claim term, phrase or clause, together with an identification of all references from the specification or prosecution history that support that construction, and an**

**identification of any extrinsic evidence known to the party on which the party intends to rely, either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;**

MMI's Statement:

A side-by-side comparison of the parties' respective proposed constructions is presented for the Court's convenience in the Joint Claim Construction Chart, Exhibit A. MMI's and RIM's respective identification of the intrinsic and extrinsic evidence that they intend to rely upon, either to support their proposed construction of the claim terms or to oppose another party's proposed construction, is also provided in Exhibit A.

RIM's Statement:

RIM agrees with MMI's statement, except that RIM objects to MMI's notation that it "expects that Dr. Vijay Madisetti may testify as to the meaning of this term to one of ordinary skill in the art at and around the time of the patented inventions" in regard to U.S. Patent 6,871,048. In its Amended Miscellaneous Order No. 62, paragraph 4-2 document exchanged on April 2, 2012, MMI did not identify Dr. Madisetti as an expert witness, and RIM objects to MMI's improper attempt to add an expert witness at this time. RIM also objects to MMI's notation that it "expects that if RIM is permitted to offer expert testimony, MMI may offer expert testimony as to the meaning of this term to one of ordinary skill in the art at and around the time of the patented inventions" in regard to the term "means for determining a direction in which an image of the image signal is to be displayed on the image displaying means according to a posture in which

the apparatus is placed and information on a direction in which an image of the image signal is to be displayed read from the recording medium" in U.S. Patent No. 6,441,828. In its Amended Miscellaneous Order No. 62, paragraph 4-2 document exchanged on April 2, 2012, MMI did not identify any expert who would opine on any proposed claim construction term for U.S. Patent No. 6,441,828, and RIM objects to MMI's improper attempt to add an expert witness at this time.

**(c)   The anticipated length of time necessary for the claim construction hearing.**

MMI's Statement:

MMI informed RIM that while MMI will not oppose a motion for a claim construction hearing if filed by RIM, MMI will not join in making such a request. However, should the Court find such a hearing useful in this case, MMI proposes a four hour hearing with the time divided equally between MMI and RIM.

RIM's Statement:

RIM requests a claim construction hearing and proposes a six hour hearing with the time divided equally between MMI and RIM.

**(d)   Whether any party proposes to call one or more witnesses, including experts, at the clam construction hearing, the identity of each witness, and, for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and**

MMI's Statement:

MMI identifies expert witnesses who may testify at the claim construction hearing in support of its constructions in the Joint Claim Construction Chart, Exhibit A.  A

summary of each opinion to be offered is included in Exhibit A, on a term by term basis. Additionally, MMI reserves the right on all proposed claim terms to offer rebuttal experts in response to any expert declarations by RIM.

RIM's Statement:

Below, RIM identifies experts who may be called to provide testimony at the claim construction hearing. A summary of each expert's testimony, offered in sufficient detail to permit a meaningful deposition, can be found in the declarations concurrently filed by RIM in the Appendix the Joint Claim Construction and Prehearing Statement Containing Declarations from RIM's Experts (the "Appendix"), filed concurrently herewith. Additionally, RIM objects to MMI's assertion of a right to offer "rebuttal experts in response to any expert declarations by RIM." In its Amended Miscellaneous Order No. 62, paragraph 4-2 document exchanged on April 2, 2012, MMI identified only that Dr. Sigurd Meldal would offer an opinion regarding MMI's claim construction proposals for the RE 39,231 patent. RIM objects to any attempt by MMI to offer any other expert declarations or offer any other expert testimony relating to claim constructions.

1. Defendants may rely on the expert testimony of Professor John Villasenor, who, since 1992, has been on the faculty of the Electrical Engineering Department of the University of California, Los Angeles. Dr. Villasenor's testimony could include an explanation of the subject matter of U.S. Patent Nos. 6,441,828 and 6,871,048, a description of the state of the technology relating to the claimed inventions at the time the applications for those patents were filed, a description of the qualifications of a person of ordinary skill in the art at the time the applications for those patents were filed, and how a

person of ordinary skill in the art would interpret the identified claim term or phrase at the time the applications for the patents were filed.

2. Defendants may rely on the expert testimony of Dr. Schuyler Quackenbush, who has worked since 1995 with the ISO/IEC Standards Organization responsible for setting the MP3 standard, and has been the chair of the MPEG Audio Subgroup for that organization since 1998. Dr. Quackenbush's testimony could include an explanation of the subject matter of U.S. Patent No. 5,490,170, a description of the state of the technology relating to the claimed inventions at the time the applications for those patents were filed, a description of the qualifications of a person of ordinary skill in the art at the time the applications for those patents were filed, and how a person of ordinary skill in the art would interpret the identified claim terms or phrases at the time the application for the patent was filed.

3. Defendants may rely on the expert testimony of Mr. Richard Frenkiel, who is Senior Advisor to the Rutgers Wireless Information Networks Laboratory and holds a position as a Visiting Professor of Electrical & Computer Engineering at Rutgers, the State University of New Jersey and, from 1983 to 1991, was Research and Development Director for AT&T's Cordless Telephone Strategic Business Unit. Mr. Frenkiel's testimony could include an explanation of the subject matter of U.S. Patent No. RE39,231, a description of the state of the technology relating to the claimed invention at the time the application for the patent was filed, a description of the qualifications of a person of ordinary skill in the art at the time the application for the patents was filed, and how a person of ordinary skill in the art would interpret the identified claim terms or phrases at the time the application for the patent was filed.

4.      Defendants may rely on the expert testimony of Mr. Paul Coverdale, who from 1998 to 2004 was a Senior Advisor in the field of multimedia wireless performance at Nortel Networks.  Mr. Coverdale's testimony could include an explanation of the subject matter of U.S. Patent No. 5,732,390, a description of the state of the technology relating to the claimed invention at the time the application for the patent was filed, a description of the qualifications of a person of ordinary skill in the art at the time the application for the patent was filed, and how a person of ordinary skill in the art would interpret the identified claim terms or phrases at the time the application for the patent was filed.

5.      Defendants may rely on the expert testimony of Dr. V. Michael Bove, Jr., a Principal Research Scientist for the Massachusetts Institute of Technology Media Laboratory, who holds various titles and positions at MIT, including head of the Object-Based Media Group at the Media Lab, co-director of the Center for Future Storytelling, and director of the consumer electronics program CELab. Dr. Bove's testimony could include an explanation of the subject matter of U.S. Patent No. 7,349,012, a description of the state of the technology relating to the claimed invention at the time the application for the patent was filed, a description of the qualifications of a person of ordinary skill in the art at the time the application for the patent was filed, and how a person of ordinary skill in the art would interpret the identified claim terms or phrases at the time the application for the patent was filed.

6.      Defendants may rely on the expert testimony of Mr. John Snell, the owner of Timbre Engineering, located in San Geronimo, California, who specializes in the design and analysis of systems for recording, playing, and processing electronic media, and who has designed and developed digital audio systems for, among others, Lucasfilm Ltd. Mr.

Snell's testimony could include an explanation of the subject matter of U.S. Patent No. 6,446,080, a description of the state of the technology relating to the claimed invention at the time the application for the patent was filed, a description of the qualifications of a person of ordinary skill in the art at the time the application for the patent was filed, and how a person of ordinary skill in the art would interpret the identified claim terms or phrases at the time the application for the patent was filed.

7.      Defendants may rely on the expert testimony of Mr. Frank Canova, who from 1978-1994 was an engineer at IBM, and, specifically, from 1991-1994 was a principal engineer on IBM's Advanced Technology Team. Mr. Canova's testimony could include an explanation of the subject matter of U.S. Patent Nos. 5,737,394, 6,070,068, and 6,389,301, a description of the state of the technology relating to the claimed inventions at the times the applications for the patents were filed, a description of the qualifications of a person of ordinary skill in the art at the times the applications for the patents were filed, and how a person of ordinary skill in the art would interpret the identified claim terms or phrases at the times the applications for the patents were filed.

8.      Defendants may rely on the expert testimony of Dr. James Fogarty, a professor of Computer Science and Engineering at the University of Washington and a core member of the DUB Group, a cross-campus initiative advancing Human-Computer Interaction and Design research and education. Dr. Fogarty's testimony could include an explanation of the subject matter of U.S. Patent Nos. 5,737,394, 6,070,068, and 6,389,301, a description of the state of the technology relating to the claimed inventions at the times the applications for the patents were filed, a description of the qualifications of a person of ordinary skill in the art at the times the applications for the patents were filed, and how

a person of ordinary skill in the art would interpret the identified claim terms or phrases at the times the applications for the patents were filed.

9. Defendants may rely on the expert testimony of Dr. Doug Bowman, a professor of Computer Science at the Virginia Polytechnic Institute and State University and a member of the Center for Human-Computer Interaction. Dr. Bowman's testimony could include an explanation of the subject matter of U.S. Patent Nos. 5,737,394, 6,070,068, and 6,389,301, a description of the state of the technology relating to the claimed inventions at the times the applications for the patents were filed, a description of the qualifications of a person of ordinary skill in the art at the times the applications for the patents were filed, and how a person of ordinary skill in the art would interpret the identified claim terms or phrases at the times the applications for the patents were filed.

**(e)   A list of any other issues that might appropriately be taken up at a prehearing conference prior to the claim construction hearing, and, if not previously set, proposed dates for any such prehearing conference.**

At this time, RIM has submitted a request for a status conference to the Court with proposed agenda items, to which MMI has responded.

Dated: April 24, 2012

Respectfully submitted,

By: /s/ John R. Emerson
John R. Emerson
State Bar No. 24002053
russ.emerson@haynesboone.com
HAYNES AND BOONE, LLP
2323 Victory Avenue
Suite 700
Dallas, TX 75219-7673
Telephone: 214.651.5328

By: /s/ Mark E. Turk
Michael P. Lynn
State Bar No. 12738500
Email: mlynn@lynnllp.com
Eric W. Pinker, P.C.
State Bar No. 16016550
Email: epinker@lynnllp.com
Mark E. Turk
State Bar No. 00786298

Facsimile: 214.200.0884- and -

*Of Counsel:*

Mark G. Matuschak *(Admitted Pro Hac Vice)*
mark.matuschak@wilmerhale.com
Wyley S. Proctor *(Admitted Pro Hac Vice)*
wyley.proctor@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

S. Calvin Walden *(admitted pro hac vice)*
calvin.walden@wilmerhale.com
Kate Hutchins *(admitted pro hac vce)*
kate.hutchins@wilmerhale.com
Martin E. Gilmore *(admitted pro hac vice)*
martin.gilmore@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

James M. Dowd *(admitted pro hac vice)*
james.dowd@wilmerhale.com
Michael D. Jay *(admitted pro hac vice)*
Michael.jay@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

*Attorneys for Research In Motion Limited and Research In Motion Corporation*

Email: mturk@lynnllp.com
LYNN TILLOTSON PINKER & COX, LLP
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Tel: (214) 981-3800
Fax: (214) 981-3839

PROSKAUER ROSE LLP
Steven M. Bauer (*admitted pro hac vice*)
Justin J. Daniels (*admitted pro hac vice*)
Safraz W. Ishmael (*admitted pro hac vice*)
One International Place
Boston, MA 02110-2600
(617) 526-9600

PROSKAUER ROSE LLP
Kenneth Rubenstein (*admitted pro hac vice*)
Anthony C. Coles (*admitted pro hac vice*)
Alan Federbush (*admitted pro hac vice*)
Eleven Times Square
New York, NY 10036
(212) 969-3000

*Attorneys for Plaintiff MobileMedia Ideas LLC*