IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOBILEMEDIA IDEAS LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RESEARCH IN MOTION LIMITED and )<br>RESEARCH IN MOTION )<br>CORPORATION, )<br>)<br>Defendants. ) | Civil Action No. 3:11-cv-02353-N<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF MOBILEMEDIA IDEAS LLC'S OPPOSITION TO DEFENDANTS'
MOTION TO EXCLUDE PLAINTIFF'S REBUTTAL EXPERT TESTIMONY**

Plaintiff MobileMedia Ideas LLC ("MobileMedia")[1] submits this memorandum in opposition to Defendants' Motion to Exclude MobileMedia's Rebuttal Expert Testimony for Failure to Comply with the Local Rules and the Court's Scheduling Order (the "Motion"). (Dkt. No. 261).

**INTRODUCTION**

By their Motion, Defendants argue that the rebuttal expert testimony of Drs. Meldal and Madisetti should be excluded because MobileMedia's disclosures regarding these experts were deficient under the Court's Scheduling Order and ¶¶ 4-2 and 4-3 of Amended Miscellaneous Order No. 62. Defendants' Motion should be denied for at least five independent reasons. *First*, MobileMedia was not required to disclose all rebuttal expert testimony in the parties' ¶ 4-3 Joint Claim Construction and Prehearing Statement because such testimony could not have been "known" to MobileMedia at the time the statement was filed. *Second*, MobileMedia was only required to submit a "preliminary" identification of extrinsic evidence in its ¶ 4-2 disclosures;

---

[1] Plaintiff has previously used the shorthand "MMI"; however, because MobileMedia is also the stock symbol for Motorola Mobility Holdings, Inc., it requests that the Court and parties refer to it as "MobileMedia."

accordingly, there was nothing impermissible with MobileMedia's supplementation to include its disclosure regarding Dr. Madisetti in the parties' ¶ 4-3 Joint Claim Construction and Prehearing Statement. *Third*, MobileMedia's ¶ 4-3 disclosure was more than sufficient for Defendants to take a meaningful deposition of Dr. Madisetti, should they so choose. *Fourth*, Defendants can point to no real prejudice that they will suffer by the allowance of MobileMedia's rebuttal expert testimony, as Defendants were afforded the opportunity to take the depositions of both Drs. Meldal and Madisetti and submit their own rebuttal declarations, yet they failed to do so. *Fifth*, and finally, Defendants are not entitled to the "extreme sanction" they seek, as they have failed to demonstrate any "willful deception" by MobileMedia or "flagrant disregard" of the Court's Orders.

For all these reasons, MobileMedia respectfully requests that the Court deny Defendants' Motion in its entirety.

## ARGUMENT

**I.    MobileMedia Disclosed Dr. Meldal's 5-Page Rebuttal Declaration in Accordance with the Court's Scheduling Order and ¶ 4-3 of Amended Miscellaneous Order No. 62.**

In their Motion, Defendants readily admit that, per the Court's Scheduling Order and Amended Miscellaneous Order No. 62, MobileMedia first disclosed Dr. Meldal as an expert witness on April 2, 2012, and subsequently disclosed a summary of his opinions in the parties' Joint Claim Construction and Prehearing Statement on April 24, 2012. Motion at 3. Defendants complain, however, that Dr. Meldal's rebuttal declaration – which is the grand total of 5 pages – should be excluded as "untimely" because it was allegedly submitted in violation of the Scheduling Order and ¶ 4-3 of Amended Miscellaneous Order No. 62. More specifically, Defendants contend that Dr. Meldal's rebuttal declaration should have been submitted with the

parties' Joint Claim Construction and Prehearing Statement on April 24, 2012, the alleged deadline to disclose "all expert declarations" concerning claim construction in this case. *Id.* at 3-4.[2] Defendants are mistaken in several important respects.

First, neither the Scheduling Order nor Amended Miscellaneous Order No. 62 required MobileMedia to disclose all rebuttal expert declarations in the Joint Claim Construction and Prehearing Statement. The Court's Scheduling Order required the parties to comply with ¶ 4-3 of Amended Miscellaneous Order No. 62 by April 24, 2012. Scheduling Order at 3 (Dkt. No. 222). Importantly, however, ¶ 4-3 simply required the parties to submit a joint claim construction statement that contained an identification, for each party, of "any extrinsic evidence *known to the party* on which the party intends to rely, either to support its proposed construction of the claim or to oppose any other party's proposed construction of the claim . . ." Amended Miscellaneous Order No. 62 ¶ 4-3(b) (emphasis added). In contrast, rebuttal evidence is defined as "evidence offered to disprove or contradict the evidence presented by an opposing party." Black's Law Dictionary 599 (8th Ed. 2004). By definition, then, rebuttal evidence cannot be developed and presented until after the opposing party has presented its evidence.

By the plain terms of ¶ 4-3, the parties were not required to present "all" rebuttal expert testimony in the Joint Claim Construction and Prehearing Statement because such testimony could not have been "known" to them at the time the statement was filed. Here, MobileMedia was aware at the time of filing that Defendants might submit declarations of their experts;

---

[2] In addition, RIM argues by seeking RIM's agreement to submit rebuttal declarations, MobileMedia exhibited an understanding "that the Scheduling Order does not permit rebuttal declarations." Motion at 4. To the contrary, MobileMedia's conduct exhibits an understanding of the standards of litigation conduct adopted in *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D.284 (N.D. Tex. 1988) (en banc). Recognizing that the Scheduling Order is <u>silent</u> on the issue of rebuttal experts, MobileMedia properly conferred with RIM in an attempt to avoid the present dispute.

however MobileMedia was not provided with those declarations prior to the parties' filing. Consequently, because MobileMedia's rebuttal evidence was not "known" to it at the time the Joint Claim Construction and Prehearing Statement was filed, MobileMedia was not required, nor was it able, to include such evidence in the parties' statement. Instead, MobileMedia disclosed the intrinsic and extrinsic evidence "known to [it]," and specifically reserved the right to offer rebuttal testimony in response to any expert testimony offered by Defendants, *see* Joint Claim Construction and Prehearing Statement at 4 (Dkt. No. 249), which was permissible and perfectly appropriate under the circumstances.

Moreover, Defendants concede that both the Scheduling Order and Amended Miscellaneous Order No. 62 are silent as to the submission of rebuttal expert testimony in this case. Motion at 3. Neither Order prohibits MobileMedia's reliance on rebuttal expert testimony during the claim construction phase; nor do the Orders require MobileMedia to first seek leave to designate such testimony. Under such circumstances, courts in patent cases have permitted the submission of previously undisclosed rebuttal expert testimony in connection with the parties' claim construction hearing. *See, e.g.*, *Watson Indus., Inc. v. Murata Elecs. N. Am., Inc.*, No. 02-C-524-C, 2003 WL 23315779 (W.D. Wis. Aug. 7, 2003) (denying motion to strike rebuttal expert submitted after the parties' joint claim construction statement where neither the scheduling order nor the local rules provided for the designation of rebuttal expert testimony.) Accordingly, because MobileMedia's submission of Dr. Meldal's rebuttal declaration was permissible under the Scheduling Order, Amended Miscellaneous Order No. 62, and the applicable case law, Defendants' Motion should be denied.

**II.     MobileMedia Disclosed Dr. Madisetti's Rebuttal Testimony in Accordance with the Court's Scheduling Order and ¶¶ 4-2 and 4-3 of Amended Miscellaneous Order No. 62.**

Defendants next complain that Dr. Madisetti's rebuttal expert testimony should also be excluded because: (1) he was not specifically identified in MobileMedia's ¶ 4-2 preliminary identification of extrinsic evidence on April 2, 2012, and (2) MobileMedia's subsequent disclosure of Dr. Madisetti in the parties' ¶ 4-3 Joint Claim Construction and Prehearing Statement failed to include a declaration or sufficient "summary" of Dr. Madisetti's testimony. Motion at 7. Once again, Defendants fundamentally misunderstand the requirements associated with the Court's discovery deadlines in this case.

First, the Scheduling Order and Amended Miscellaneous Order No. 62 only required MobileMedia to submit a "*preliminary*" identification of extrinsic evidence in its ¶ 4-2 disclosures. Scheduling Order at 3 (Dkt. No. 222); Amended Miscellaneous Order No. 62 at 4-2(b). Indeed, Defendants themselves noted in their own ¶ 4-2 disclosures that "[f]urther discovery and investigation may require Defendants to *supplement or modify* the preliminary constructions and *extrinsic evidence* identified below." Appendix at 4 (Defendants' ¶ 4-2 Stmt. at 2 (emphasis added)). Thus, by Defendants' own concession, there is nothing impermissible with MobileMedia's supplementation to include disclosures regarding Dr. Madisetti in the parties' Joint Claim Construction and Prehearing Statement.

Moreover, the Court's Orders only required that MobileMedia's ¶ 4-3(d) disclosures provide a "summary" of each witness's opinions to be offered at the claim construction hearing "in sufficient detail to permit a meaningful deposition of that expert." Scheduling Order at 3 (Dkt. No. 222); Amended Miscellaneous Order No. 62 at 4-3(d). MobileMedia's disclosure regarding Dr. Madisetti was more than sufficient for that purpose. For example, with regard to

the second claim term of U.S. Patent No. 6,871,048, the "processing means for encrypting the information signals prior to storage in said memory means," MobileMedia stated that:

> [MobileMedia] expects that Dr. Vijay Madisetti may testify as to the meaning of this term to one of ordinary skill in the art and around the time of the patented inventions. One of ordinary skill in the art would understand 'processing means for encrypting the information signals prior to storage in said information means' as referring to a microprocessor. Based on the specification and the knowledge or a person of ordinary skill in the art at the time of invention, a person of ordinary skill in the art would understand that this phrase referred to the broad concept of using a microprocessor to encrypt the information signals prior to storage in the memory means in the prescribed manner.

Joint Claim Construction and Prehearing Statement at 49-50 (Dkt. No. 249).

Defendants assert that this summary amounts to "no indication of the content of Dr. Madisetti's testimony." Motion at 7. MobileMedia disagrees. The summary does in fact disclose the specific testimony that Dr. Madisetti will offer, namely, that the term "processing means for encrypting the information signals prior to storage in said information means" should be construed to refer to the use of "a microprocessor to encrypt the information signals prior to storage in the memory means in the prescribed manner." Joint Claim Construction and Prehearing Statement at 49-50 (Dkt. No. 249). Among other things, MobileMedia's summary identified the claim term at issue, Dr. Madisetti's specific opinions as to that term's construction, and the sources of these opinions. *Id.* That is more than sufficient to permit Defendants to take a meaningful deposition of Dr. Madisetti should Defendants so choose. Further, Defendants point to no authority regarding the kind of full-blown expert declarations or reports that Defendants' motion seems to require. Accordingly, because MobileMedia's disclosure regarding Dr. Madisetti more than satisfies the Court's Scheduling Order and Amended Miscellaneous Order No. 62, Defendants' Motion should be denied.

### III. Defendants Will Not Be Prejudiced by the Allowance of MobileMedia's Rebuttal Expert Testimony.

Importantly, Defendants can point to no real prejudice that they will suffer by the allowance of MobileMedia's rebuttal expert testimony. In their Motion, Defendants claim that they will be prejudiced by the allowance of such testimony because they have had no opportunity to depose Drs. Meldal and Madisetti, or to offer rebuttal declarations from their own experts. Motion at 5, 8. Defendants further complain that, even if they are permitted to conduct depositions and submit rebuttal declarations, they will be prejudiced because the Court's claim construction schedule will need to be postponed. *Id.* at 6. Both of Defendants' arguments fail upon closer inspection.

First, Defendants conveniently neglect to mention that MobileMedia has repeatedly offered both Drs. Meldal and Madisetti for deposition, yet Defendants have declined that offer. Appendix at 29 - 33 (May 3-4, 2012 correspondence between J. Daniels and S. Walden). In addition, Defendants were perfectly capable of submitting their own rebuttal expert declarations upon reviewing MobileMedia's expert disclosures, yet they chose not to do so. Had Defendants deposed Drs. Meldal and Madisetti per MobileMedia's offer and/or timely submitted their own rebuttal declaration, no extension of the claim construction schedule would be necessary. Finally, by their own admission, Defendants have already asked for two extensions of the Court's claim construction schedule in this case. Motion at 3, n.1. Accordingly, any disadvantage or delay that Defendants may suffer from the allowance of MobileMedia's rebuttal expert testimony is entirely of Defendants' own making.

### IV. Defendants Are Not Entitled to the Relief They Seek.

By their Motion, Defendants seek to turn this dispute into a capital offense, asserting that if their interpretation of the Court's Scheduling Order and Amended Miscellaneous

Order No. 62 is correct, then Defendants are entitled to the drastic remedy of excluding MobileMedia's rebuttal experts from participating in the claim construction process. Motion at 1, 8. Even assuming that the Court accepts Defendants' interpretation, however, the "disproportionately harsh" remedy they seek is not warranted. *See Watson*, 2003 WL 23315779, at *2.

Numerous courts have recognized that the exclusion of "critical evidence" in a patent case is an "'extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.'" *See, e.g.*, *Delphi Auto. Sys., LLC v. Vehicle Occupant Sensing Sys.*, No. 10-10886, 2012 WL 126420, at *4 (E.D. Mich. Jan. 17, 2012) (denying a motion to strike previously undisclosed expert declaration offered in support of claim construction); *Biovail Labs. Int'l SRL v. Cary Pharms. Inc.*, Civ. No. 09-605-JJF-LPS, 2010 WL 2132021, at *2 (D. Del. May 26, 2010) (denying motion to strike previously undisclosed supplemental expert declaration filed with answering brief on claim construction). Here, the rebuttal expert testimony submitted by MobileMedia is undoubtedly "critical evidence," as it supports MobileMedia's position with respect to claim construction. *Biovail*, 2010 WL 2132021, at *2. Moreover, Defendants have failed to demonstrate any willful deception, as there is no proof that MobileMedia affirmatively represented to Defendants that it would not submit rebuttal expert testimony. Rather, in accordance with the Court's Orders, MobileMedia disclosed its "preliminary" extrinsic evidence in its ¶ 4-2 statement, disclosed the intrinsic and extrinsic evidence "known to [it]" in the parties' ¶ 4-3 Joint Claim Construction and Prehearing Statement, and specifically reserved the right to offer rebuttal experts in response to any expert declarations offered by Defendants. *See* Joint Claim Construction and Prehearing Statement at 4 (Dkt. No. 249). Nor have Defendants demonstrated flagrant disregard

of a Court Order. As discussed above, the Scheduling Order does not address whether the parties are permitted to submit rebuttal expert testimony with respect to claim construction, and there can hardly be "flagrant disregard" of a deadline that has not been set by the Court. For all these reasons, Defendants' Motion should be denied.

## **CONCLUSION**

For the reasons stated herein, MobileMedia respectfully requests that the Court deny Defendants' Motion to Exclude MobileMedia's Rebuttal Expert Testimony for Failure to Comply with the Local Rules and the Court's Scheduling Order in its entirety.

May 15, 2012                                     Respectfully submitted,

*/s/ Mark Turk*
Michael P. Lynn
State Bar No. 12738500
Email: mlynn@lynnllp.com
Eric W. Pinker, P.C.
State Bar No. 16016550
Email: epinker@lynnllp.com
Mark E. Turk
State Bar No. 00786298
Email: mturk@lynnllp.com
LYNN TILLOTSON PINKER & COX, LLP
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
Tel: (214) 981-3800
Fax: (214) 981-3839

PROSKAUER ROSE LLP
Steven M. Bauer (*admitted pro hac vice*)
Justin J. Daniels (*admitted pro hac vice*)
Safraz W. Ishmael (*admitted pro hac vice*)
One International Place
Boston, MA 02110-2600
(617) 526-9600

PROSKAUER ROSE LLP
Kenneth Rubenstein (*admitted pro hac vice*)
Anthony Coles (*admitted pro hac vice*)
Alan Federbush (*admitted pro hac vice*)
Eleven Times Square
New York, NY 10036
(212) 969-3000

*Attorneys for Plaintiff MobileMedia Ideas LLC*

<u>CERTIFICATE OF SERVICE</u>

   The undersigned certifies that on May 15, 2012, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule Cv-5(a)(3). Any other counsel of record will be served via first class mail and/or facsimile.

            <u>*/s/ Mark Turk*</u>
            Mark E. Turk